Mathews, J.
delivered the opinion of the court. This is a proceeding founded on the 33d and 34th sections of the act of the legislature, passed in 18l7, entitled an "act relative to the voluntary surrenders of property, and the disposal of debtors' estates."
By the first of these sections, it is enacted, that whenever a creditor shall make a motion, to know whether the syndics have funds in their hands, the said syndics shall be bound to produce their bankbook, or accounts, &c. and, by the second, it is declared that, if they neglect or refuse to produce their bank-book or accounts, when required, a meeting of the creditors may be ordered for the appointment of their syndics, &c.
In the answer on the appeal, it is denied that the decision in this case is such, as to authorise an appeal. Although the judgment of the district court is perhaps not so conclusive, as to prevent the plaintiffs from renewing his motion, and prevent the parish court from again acting on it; yet, from the course this case has taken, under the 34th section of the act, we are of opinion, that the decision is so *190 far final, as to require an examination of it, in this court.
Whether, under the act on which these proceedings rest, any rule of practice has been established for carrying its provisions into effect, by the inferior courts, we are not informed. If the practice remains yet to be settled, it is thought, that the rule or order to be obtained against syndics, in cases like the present, ought to be one requiring them to do that which is prescribed by the law, or show cause to the contrary. In other words, it ought to be a rule nisi. This mode of proceeding would give a fair opportunity for defence, without causing unnecessary delay.
But, admitting that it was proper to make the order absolute in the first instance, before the syndics can be subjected to the forfeiture and penalty, inflicted by the last session, of the act relied on, we are of opinion, that it ought to appear that regular notice was served on them all; whereas, one of them only was served with the rule or order, according to the sheriff’s return, which is contradicted by the oath of the party.
Considering the service of the rule to be irregular and incomplete, it is deemed unnecessary to take into consideration the bill of exceptions taken by the plaintiffs, or to examine the relative weight of the return of the officer, and oath of the party.
Hoffman for the plaintiffs, Workman for the defendants.
It is, therefore, ordered, adjuged and decreed, that the judgment of the parish court [discharging the rule] be affirmed with costs.
*** Derbigny, J. did not join in any opinion delivered during this term, and resigned his seat, towards the middle of it.